## FLASH, LEWIS & Co. v. GRESHAM.

ADMINISTRATION : *Jurisdiction in probate court exclusive.*

That there is no administrator upon an estate of a deceased debtor, and the sheriff refuses to administer, and the plaintiff-creditor is a non-resident and can not administer, afford no grounds for chancery to assume jurisdiction to administer the estate. The probate court has exclusive original jurisdiction, and the sheriff may be compelled to administer. No court can collect and distribute the personal effects of an estate without an administrator.

34—36

APPEAL from *Clark* Circuit Court in Chancery. Hon. H. B. STUART, Circuit Judge.

### REPORTER'S STATEMENT.

The plaintiffs filed in the Clark circuit court their complaint against the defendant, alleging that Frank B. Gresham had recently died in that county indebted to them in the sum of one hundred and thirty-two dollars, and leaving an estate consisting of a stock of drugs of the value of $1,100. That since his death the defendant had taken possession of the goods and appropriated them to his own use and refused to pay their debt; that no one could be procured to administer upon the deceased's estate; the sheriff refused to do so, and plaintiffs were non-residents of the state and could not administer.

They prayed that a commissioner be appointed to take charge of the goods wherever found, and hold them, subject to the order of the court, for the payment of their debt; that the creditors of the deceased appear and prove their debts before the commissioner, by a day to be appointed by the court, and that the defendant account for their value, to be applied to the plaintiff's claim.

A demurrer was sustained to the complaint for want of equity and jurisdiction of the court. The plaintiff then amended, making the other creditors of the deceased, parties defendants to the complaint. A demurrer to the amended complaint was sustained and the plaintiffs appealed.

*M. P. Doby*, for appellants:

One creditor may file bill in behalf of himself and others. *Adams Eq.*, sec. 320.

On settlement of estates by equitable proceedings, see *Gantt's Digest*, secs. 148, 156 ; *Ad. Eq.*, secs. 257–8 *and notes*, 250 *and note* 1; 20 *Ala.*, 662 ; 14 *Howard*, 29 ; 16 *Ala.*, 548 ; 19 *Ala.*, 438 ; 25 *Ill.*, 294 ; 1 *Hill*, 300–1 ; 17 *Ga.*, 513 ; 35 *Miss.*, 184 ; 14 *Ark.*, 122 ; 15 *ib.*, 381 ; 16 *Ark.*, 474 ; 23 *ib.*, 94 ; 26 *Ark.*, 373 ; 27 *ib.*, 594.

Infant must avoid his own contract. 1 *Par. on Con.*, secs. 319, 320. *N. B. also* 312; *Bow. Law Dic.*, p. 705, sec. 6 ; 20 *Ark.*, 600.

EAKIN, J. This is an effort by creditors, without any proper representative of a deceased person, to have an administration of his effects in chancery. It charges that effects of the deceased person came into the hands of the defendant; that complainants are non-residents of the state and can not administer; and that the sheriff refuses.

The chancery court, under our constitution, can not assume this jurisdiction. The original jurisdiction of the probate court is exclusive. The sheriff, by virtue of his office, is public administrator, and on application to the probate court may be compelled to take possession of any estate to prevent it from being injured, wasted, or purloined. *Gantt's Digest*, secs. *216*, *217*.

The cases would be very rare, where, upon refusal of the sheriff, creditors could not, of themselves, procure a responsible resident to administer. If so, and the parties decline taking steps to compel the sheriff to do his prescribed statutory duties, a court of chancery can not aid them. With regard to all personal property there can be no proceedings in any court to collect and distribute effects of any intestate, without a legal representative.

The demurrer was property sustained.

Affirm the decree.