## Phillips v. Phillips.

### Opinion delivered April 5, 1920.

1. COURTS—JURISDICTION OF CHANCERY OVER DECEDENTS' ESTATES.—Chancery has no jurisdiction over settlements of an executor, in the absence of an allegation of fraud, nor to direct how the executor should proceed in the future management of the estate; such matters being exclusively within the jurisdiction of the probate court.

2. SAME—JURISDICTION OF CHANCERY TO CONSTRUE WILL.—The chancery court may construe a will and determine the scope of a trust created thereby, though the administration of the estate under the will is still pending in the probate court.

3. WILLS—SPENDTHRIFT TRUST—CONSTRUCTION.—Where a testatrix gave the most of her property to one of her children, named as executor, and directed that he pay her husband a stipulated sum monthly during his lifetime, the property given to such son, and not the entire estate, was burdened with such spendthrift trust.

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; reversed.

*Price Shofner* and *T. D. Crawford*, for appellant William James Phillips.

1. The court erred in restating the accounts of William James Phillips and in disallowing four items thereof; the attorneys' fees, printing briefs and the amounts paid for abstracts of title to land. These claims had been duly allowed by the probate court, and the only remedy was by appeal. The allowance by the probate court was a judgment and can not be attacked in a collateral proceeding. 48 Ark. 277; 38 *Id.* 471; 35 *Id.* 205. It is binding on all parties and can only be set aside for fraud in procurement. 90 Ark. 440; 86 *Id.* 368; 50 *Id.* 217; 40 *Id.* 393; 102 *Id.* 114; 5 *Id.* 468. The probate court had exclusive jurisdiction. 34 Ark. 71; 45 *Id.* 1, and it was error for chancery to take jurisdiction. 33 Ark. 727; 45 *Id.* 512.

2. The court erred in disallowing to plaintiff interest on the probate allowances from the time made down to the date of the decree. Kirby's Digest, § 5387; 40 Ark. 393.

3. The court erred in holding that the interest of Hilda, Mildred and William James Phillips in the homestead should not take effect until after the death of James Phillips, also in charging William James Phillips with rent thereon. Thompson on Wills, §§ 322-355. The language of the will shows that the testatrix intended that these two parties should have the home at once and without partition until Hilda became 21 years old.

4. The court erred in holding that the charge of $50 a month was a first charge after payment of taxes, improvement taxes and repairs. The ruling is arbitrary.

5. The chancellor erred in providing that none of the property should be sold so long as James Phillips lived. The jurisdiction of equity to construe wills is strictly limited to defining the powers and duties of the trustee created by the will. 104 Ark. 439; 70 *Id*. 432; 88 *Id*. 1; 3 Pom. Eq. Jur., § 1154, note; 97 Ark. 588; 113 *Id*. 404. See also 9 Peters (U. S.) 461; 61 N. H. 144; 5 N. J. Eq. 629; 33 *Id*. 476; 58 N. Y. 335; 87 Me. 63; 62 Ill. App. 611; 84 N. W. 1039; 71 N. E. 903; 163 Ind. 311.

6. If the court differs from us and holds the court had jurisdiction, then the account should be restated, and William James Phillips should be credited with the amount due him under the 1914 settlement and the 1915 settlement and interest at 6 per cent. to the date of the decree, also with the amounts due under the 1916, 1917 and 1918 settlements and 6 per cent. interest and with the $50 per month paid to James Phillips.

*Lewis Rhoton,* for appellees and cross-appellants.

1. The same construction should be placed upon the will as in 124 Ark. 395-397.

2. William James Phillips is not entitled to interest on his settlements, but he should be charged with interest on the amount he owed the estate.

3. The cross-appellants are entitled to recover as to the furniture left at the homestead. Acts 1917, p. 1441; *Brown* v. *Creekmore,* 141 Ark. 512.

4. William James Phillips has no right to complain of the restatement of his accounts by the chancellor.

5. If the decree is reversed or modified, then cross-appellants are entitled to have the construction placed on the will that this court did in *Fortner* v. *Phillips,* and William James Phillips is not entitled to the advancements made his father during his life, as there were no funds sufficient to pay the $50 a month, and his advancement was voluntary, and should come out of his own pocket. 29 Ark. 500-508.

*Gardner K. Oliphint,* on the brief for appellees.

*Reid, Burrow & McDonnell* and *Gus Ottenheimer,* for Hilda Mildred Phillips.

There was no error as to the payment of $50 per month as to James Phillips. This court properly construed the will in 187 S. W. 318; 124 Ark. 395. The bequest was at most a general legacy. 129 N. W. 955; 53 S. E. 371; 54 Atl. 589; 40 Cyc. 1632; 3 C. J. 202. All general legacies are to be satisfied out of the personal property before the real estate can be resorted to. 31 S. W. 1043; 62 N. Y. S. 996; 34 S. E. 754; 16 N. E. 137; 47 Atl. 540; 83 N. Y. S. 1013; Thompson on Wills, p. 283. The legacy to Hilda Mildred was specific and could not be abated to pay a general legacy of personalty. *Supra.* Where two clauses of a will are in conflict, the last provision controls. 115 Ark. 400; 113 *Id.* 497; 22 *Id.* 567; 28 *Id.* 102; 40 Cyc. 1180; 94 Ind. 359; 4 Mass. 208; 21 S. E. 464. The cause should be reversed, and appellant Hilda's interest in the real estate should take precedence over the claims of William James Phillips or James Phillips. 40 Cyc. 1727, 1731-3; 89 Ark. 596; Pom. Eq. Jur. (4 ed.), § 1009; 39 Cyc. 200; 42 Atl. 51.

WOOD, J. The will of Sarah M. Phillips, deceased, is as follows:

"I, Sarah M. Phillips of the city of Little Rock, Pulaski County, State of Arkansas, being of sound mind and disposing memory, do make and declare this to be my last will and testament, hereby revoking any and all other wills by me heretofore made.

"I nominate, constitute and appoint my son, William James Phillips, as executor and trustee of this, my will, who shall serve as such without being required to execute bond.

"I direct and instruct that my executor shall first pay all my just debts. and funeral expenses.

"I further direct and instruct that my said executor shall pay over to my beloved husband, James Phillips,

the sum of $50 each and every month as long as he shall live.

"To my son, William James Phillips, I give, devise and bequeath all the tools, implements of trade, horses, mules, wagons, vehicles, harness and all other equipment connected in any way with the contracting business of which I die possessed; also all that part of block thirteen (13), Crawford's Addition to the City of Little Rock, Pulaski County, Arkansas, on which is located what is known as the "lumber yard" and "gravel bed," together with all lumber and gravel thereon.

"I give, devise and bequeath to my said executor, to be held by him in trust for the sole use and exclusive benefit of my granddaughter, Hilda Mildred Phillips, to be used for her as to him may seem best until she shall have reached the age of twenty-one (21) years, at which time she shall take it in fee simple, an undivided one-third (⅓) interest in my homestead, described as lots one (1) and two (2), fractional block twenty-four (24), Braddock's Boulevard Addition to the City of Little Rock, Pulaski County, Arkansas.

"The remaining two-thirds (2/3) interest in my said homestead, above described, I give, devise, and bequeath to my son, William James Phillips, in fee simple, provided that said homestead shall not be sold, partitioned or divided until my said granddaughter, Hilda Mildred Phillips, shall have reached the age of twenty-one (21) years.

"I give, devise and bequeath to my said granddaughter, Hilda Mildred Phillips, my piano.

"All the balance and residue of my estate, both real and personal, wherever situated, I give, devise and bequeath, share and share alike, to William James Phillips, Harry George Phillips, Emma Charlotte Hardy Wunderlich, Annie Rose Gambold and Hilda Mildred Phillips, except that my executor shall deduct $50 from the share of said Hilda Mildred Phillips and pay over to her father, Ernest Charles Phillips, one (1) year from the date of my death, and provided that the share of my granddaughter, Hilda Mildred Phillips, shall be held in

trust by my executor for her sole use and exclusive benefit, to be used for her as to him may seem best until she shall have reached the age of twenty-one (21) years, at which time she shall take her said share in fee simple.

"Witness my hand and seal this 29th day of July, 1912.                              Sarah M. Phillips."

This appeal involves the construction of the above will.

James Phillips was the husband of Sarah Phillips. William James Phillips, Harry George Phillips, Emma Charlotte Hardy Wunderlich, and Annie Rose Gambold are the children of Sarah and James Phillips. Hilda Mildred Phillips is a granddaughter, and Jimmie Phillips is the wife of Harry George Phillips.

This action was brought by William James Phillips, and in his complaint he designated the other parties, above named, as defendants. After alleging that there was a will and that the plaintiff was executor and that the defendants had an interest under the will, plaintiff alleged that, pursuant to the directions of the will, he had paid the debts of the testatrix and had paid James Phillips $50 per month since the death of the testatrix; and paid the taxes and the necessary expense of keeping the property in repair, all of which he had paid out of his own money, there being no personal property of the estate out of which to pay said debts and claims; that the real estate could not be sold to satisfy same without an unnecessary sacrifice thereof; that since the death of Sarah M. Phillips he had made annual settlements in the probate court showing receipts and disbursements of funds and had accounted for the rents which he had collected; that said annual settlements had been approved by the probate court. He set up these settlements and made them exhibits to his complaint and alleged that since the settlements covering the transactions for the year 1918 he had paid the taxes and probate clerk costs and expenses of an abstract of title for a portion of the lands and had paid James Phillips, under the terms of the will, for three months, making a total of $314.82; that

this amount should be added to the amounts due the plaintiff under the settlements which had been approved by the probate court, making a total of $5,387.65, which had been advanced by the plaintiff "in carrying out the provisions of the will and paying the taxes and necessary repairs on the property;" that this sum was a proper charge against the real estate of the testatrix, and that plaintiff was entitled to 6 per cent. per annum on the amounts he had advanced from year to year from the close of the year in which said advances were made."

Plaintiff prayed judgment for the amounts, and that a lien be declared on the property of the estate, which he described, and "that the property be sold for the satisfaction of the lien, and that the will be construed to mean that the $50 per month directed to be paid to James Phillips is a charge first against the property other than the homestead and that the plaintiff be authorized to sell said property to reimburse himself for the amounts paid out by him as set out above, and that the homestead can not be sold nor partitioned until Hilda Mildred Phillips becomes 21 years of age."

Some of the defendants demurred to the complaint on the general ground that the allegations were not sufficient to state a cause of action, and on the special ground that "this court is without jurisdiction to try the cause." In their answers the defendants denied that the plaintiff had the right to pay the sums paid by him out of his own funds without any order of court authorizing him to do so and then undertake to make same a charge against the interest of the defendants in the property to which they were entitled as legatees under the will of Sarah M. Phillips. They allege that if he had properly handled the personal assets of the estate the sums realized therefrom would have reduced the amounts which he claimed were due him. They alleged that he had not accounted for the assets which he had received from the estate; that the expenditures alleged by the plaintiff as the necessary expenses of the administration were wholly unnecessary, were not justified under the will and could not be made

a claim against the defendants; that they were not sufficiently advised to know whether the various claims set up by him were justified and therefore denied that they were just claims. They alleged that "the $50 per month provided in the will to be paid James Phillips by the plaintiff, William James Phillips, is a charge against the plaintiff personally to be paid by him personally in view of the large amount of property willed to him by his mother." Defendants asked the court to construe the will in this manner.

The defendants also asked that a master be appointed to state an account. In their cross-complaints defendants claimed the plaintiff had received, as executor, funds in which, under the will, they had an interest, and which on proper settlement would show that plaintiff was indebted to them in the sum of $325, for which they asked judgment against him.

Hilda Mildred Phillips filed a separate answer in which she set up that she was entitled to one-third of the property referred to in the pleadings and will as the homestead; that this one-third interest was to be administered by the plaintiff, as trustee under the will for her benefit, until she had arrived at the age of twenty-one years; that the plaintiff had administered the income from her one-third interest in the homestead to her satisfaction until the filing of her answer. She alleged that when she arrived at the age of twenty-one years, under the terms of the will, that she was to have one-third interest in fee simple in the homestead without same being subject to any charge in favor of James Phillips. She, therefore, prayed that the will be so construed.

On the issues thus raised testimony was adduced, and the court found, among other things, "that the will should be construed to create a trust of all the property belonging to the deceased at the time of her death to produce a fund of $50 per month, which was by the will directed to be paid over by the executor and trustee to James Phillips in monthly sums of $50 as long as the said James Phillips should live." After making this finding the

court proceeded to state an account between the plaintiff and the estate of Sarah M. Phillips, charging the estate with debts paid, taxes, insurance, necessary repairs, and court costs and also charging the estate with the amount paid by the plaintiff, as executor, to James M. Phillips at the rate of $50 per month since the death of Sarah M. Phillips up to and including the month of August, 1919, making a total indebtedness of $6,603.16.. The court then credited the estate with the amount collected by the plaintiff as executor, as rent from the property belonging to the estate, including the property occupied by the plaintiff as executor and trustee, in the sum aggregating $4,652, leaving the estate indebted to the plaintiff up to and including the month of August, 1919, the sum of $2,151.16. In the statement of the account the court refused to allow the plaintiff, "as not being a proper charge against the estate," the sums of $500 attorney's fee in the matter of the contest of the will and the sum of $6.75 for printing briefs in that case, and also refused to allow the sum of $16 and the sum of $8.75 paid for abstracts, making a total of $531.50.

The court then entered a decree in favor of the plaintiff in the sum of $2,151.16 with interest at the rate of 6 per cent. per annum and declared that same was a lien against the entire estate of the deceased including the interest of Hilda Mildred Phillips and the plaintiff, describing the same. The decree then recites: "The court holds that no part of the real property should be sold to satisfy the said lien but that the executor and trustee, William James Phillips, shall continue in control of said property, rent it for the benefit of the estate, and out of the rents collected by him that he pay, first, the State and county taxes, improvement taxes, if any; second, the interest to himself upon the $2,151.16 and costs therein adjudged to be due him, which amount and costs shall bear interest from this date until paid, at the rate of 6 per cent. per annum; third, that he pay, from the balance left in his hands after the payment of the items above mentioned, the sum of $50 per month to James Phillips so

long as he shall live; and fourth, that he pay himself, after the items referred to in the order named, any balance left in his hands from the rents collected, said balance to be credited upon the principal sum and the costs found to be due him in this decree.''

From this decree all the parties, except James Phillips, prayed an appeal to this court.

In *Williamson* v. *Grider,* 97 Ark. 588, we held (quoting syllabus) that: ''Where a trust is created by will equity has jurisdiction to construe the will if there is any doubtful question therein.'' See, also, *Morris* v. *Boyd,* 110 Ark. 468-75. In *Williamson* v. *Grider, supra,* we also held (quoting from syllabus) that: ''In a proceeding involving the construction of a will, it was error for the court virtually to assume the administration of the trust by its directions to the trustees, and by receiving and approving their accounts.''

In *McCracken* v. *McBee,* 96 Ark. 251-64, we said: ''This is not a complaint to surcharge and falsify a confirmed settlement in the probate court for fraud. As to the accounting it is sought to take it out of the probate court before that court has finally disposed of it. That cannot be done.''

The pleadings and the proof in this case show that the administration of the estate of Sarah M. Phillips, under the will, was still pending and proceeding in the probate court. There has been no final settlement by that court of the accounts of the executor. There is no allegation in any of the pleadings of fraud in the settlement of his accounts and no proof thereof. There is nothing, therefore, in this record, so far as the accounting is concerned, to justify the court of chancery in lifting the administration of the estate of Sarah M. Phillips out of the jurisdiction of the probate court.

In view of the allegations and proof and the recitals of the decree, a plainer case of interfering with the original and exclusive jurisdiction of the probate court in the matter of the administration of the affairs of the

estate in regard to the accounts and settlement of the executor could hardly be imagined, much less stated.

In *Watson* v. *Henderson,* 98 Ark. 63-71, quoting the language of another court, we said: "Equity sits silent in the courts as long as the law is able to meet the demands of justice. It aids the law but is not officious in its services." See also, *Booe* v. *Vinson,* 104 Ark. 439; *Frank* v. *Frank,* 88 Ark. 1; *Head* v. *Phillips,* 70 Ark. 432.

The chancery court, therefore, should have refused to entertain any jurisdiction over the executor, William James Phillips, so far as the matter of accounting and settlement with the probate court is concerned, and it should have refrained from rendering any decree for or against him and from giving directions as to how he should proceed in the future management of the estate. These were matters exclusively within the jurisdiction of the probate court. In addition to the above authorities, see *Coppedge* v. *Weaver,* 90 Ark. 444; *Turner* v. *Rogers,* 49 Ark. 51; *McLeod* v. *Griffis,* 51 Ark. 1; *Hankins* v. *Lane,* 48 Ark. 544; *McLeod* v. *Griffis,* 45 Ark. 512; *Dyer* v. *Jacoway,* 42 Ark. 186; *Flash* v. *Gresham,* 36 Ark. 529; *Mock* v. *Pleasants,* 34 Ark. 71; *Shegogg* v. *Perkins,* 34 Ark. 117; *Reinhardt* v. *Gartrell,* 33 Ark. 727; *Moren* v. *McCown,* 23 Ark. 93; 3 Pom. Eq. Jur., § 1154, and note.

The above authorities show that under the pleadings and proof in this record the only question which the court could or should have considered was the construction of the will of Sarah M. Phillips to determine the scope of the trust created by it and the duties of the trustee in administering the trust. That is as far as this court can go.

What then is the proper construction of the will? In *Fortner* v. *Phillips,* 124 Ark. 395, this will was before us for construction in a suit brought by a creditor of James Phillips to subject his income under the will to the payment of a judgment against him. The cause was heard upon an agreed statement of facts, in which the parties agreed that the sum of $50 per month was necessary for the support of the beneficiary, James Phillips,

and that he had no other income than this; that no payments had been made to him under the will. The question as to whether the entire estate of Sarah M. Phillips was, under the will, burdened with the spendthrift trust—the payment of the legacy of $50 per month to her husband, James Phillips—was not before us in the above case. None of the issues now before us were presented in that case. Nevertheless what we there said concerning the intention of the testatrix to require the payment of the $50 per month out of the property "devised and bequeathed to her son," William James Phillips, is the correct interpretation of the will. We there said:

"The fact that the testatrix designates her son, William James Phillips, as executor and trustee and directs him to pay the sum of $50 a month to her husband as long as he lived showed her intention to create a trust in favor of her husband out of the property devised and bequeathed to her son. In other words, the property going to him under the will was burdened with the trust of paying to the extent of $50 per month for the specific purpose of the support of the appellee, James Phillips."

In the instant case William James Phillips testified: "My father has no means of support except what comes from the property owned by my mother. Fifty dollars a month is reasonably necessary to his support."

This testimony was undisputed, and it shows that the facts here are virtually the same as they were in the case of *Fortner* v. *Phillips, supra,* so far as the spendthrift trust is concerned. There is nothing in the facts of this record to indicate that the interpretation we gave the will by the language quoted *supra* is not correct.

Without repeating here the language of the devise to Hilda Mildred Phillips, it suffices to say that it is wholly inconsistent and irreconcilable with the idea and contention that her interests were ever to be subjected to the payment of the spendthrift trust.

In *Parker* v. *Wilson,* 98 Ark. 553-61, we said: "In construing the provisions of a will the intention of the maker is first to be ascertained, and, when not at vari-

ance with recognized rules of law, must govern. The intention of the testator must be gathered from all parts of the will, and such construction be given as best comports with the purposes and objects of the testator, and as will least conflict.''

The will on its face shows that William J. Phillips and Hilda Mildred Phillips were favored beneficiaries. This is doubtless true as to William James for the reason, as he testifies: ''That he paid all the debts in the house four years before her death; that she (his mother) had no income and no way of making one; that she knew where the money came from; that she would not have had any estate to divide if it had not been for me. I made it for her.'' It was but natural that the mother should feel inclined to favor the son who had shown his financial ability to successfully manage her property. As to the granddaughter whom she had reared and who was dependent upon her, it was also most natural that the testatrix should have made this granddaughter the special object of her bounty.

But it by no means follows from this that she intended that her other children, who were also legatees and devisees under the will, were to share *pro rata* of the meager interest which they had received toward the support of their father, James Phillips. On the contrary, it seems to us, the only reasonable and fair interpretation of which the will is susceptible, in order to effectuate the purposes of the testatrix toward the beneficiaries named in the will, is that we have given it.

The will itself and the testimony shows that the larger portion of the income-producing property was bequeathed and devised to William James Phillips. The special confidence and trust reposed in him brought to him the lion's share of her estate, but it likewise brought with it, under the will, the added burden, out of his own share, of providing for her aged consort as long as he should live.

The court, therefore, erred in its decree, and the same is reversed. The cause will be remanded for such other

and further proceedings as may be found necessary according to law and not inconsistent with this opinion.