C. E. LAWHEAD, *Assignee, etc., v.* L. W. STEWART *et al.*

(No. 8970)

Submitted January 30, 1940.   Decided February 13, 1940.

*Worrell & Worrell,* for plaintiff in error.
*Bailey & Shannon,* for defendant in error.

HATCHER, JUDGE:

In 1926, a negotiable note of $5,000.00, made by L. W. Stewart in favor of F. N. Stewart and Dottie Wickel, was discounted at The First National Bank of Pineville

and the proceeds credited to the bank account of Mrs. Wickel. The note was renewed several times but no part of the principal was ever paid. The bank was taken in charge by a receiver in 1930, who conducted its affairs until 1938, when its assets then undisposed of, including this note, were sold at public auction under judicial order, and purchased by C. E. Lawhead. He brought action on the note. A verdict against him was directed by the circuit court.

The evidence shows that Mrs. Wickel was the wife of C. M. Wickel, who, at the time the note was discounted by the bank, was its cashier, a stockholder, a director, and a member of its discount committee; that the note was "passed on by the board of directors the same as any other note"; that it was given as part consideration of land deeded by Mrs. Wickel to L. W. Stewart, and was subject to what was termed "a side agreement" between them in writing, but not recorded, to the effect that the note was to be paid solely from proceeds of the sale of this land; that C. M. Wickel handled the transaction with Stewart claiming he did so "as the agent of his wife"; and that the deed to Stewart had been set aside in a general creditors' suit against the Wickels, wherein it was specifically held that in order to hinder, delay and defraud the creditors of C. M. Wickel, this land had been conveyed to his wife but *in trust for his sole use and benefit.*

Counsel for defendants in error, recognizing the rule in such cases as *Picklesimer* v. *Varney,* 103 W. Va. 650, 138 S. E. 317, candidly admit that a bank is not charged with information of a collateral agreement affecting a negotiable note, discounted by the board of directors, when it was to the interest of the only member of the board knowing of the agreement, to conceal the information. But counsel contend that the evidence does not show it was to Mr. Wickel's interest to conceal his information of *the side agreement* herein, and it should be presumed he imparted the information to the other bank officials. The fact that the proceeds of the note went

to the account of Mr. Wickel's wife would raise a presumption that it was of some interest to him to keep silent as to the side agreement. But resort to presumption is unnecessary. We have here a judicial finding that Wickel himself was the real owner of the land for which the note was given; and it follows that he was the real owner of the proceeds of the note, and that it was entirely to his interest to conceal the side agreement from the other directors of the bank. L. W. Stewart was a party to the suit in which the above finding was made; he, himself, introduced in this action the decree recording that finding; so there can be no question of its binding him.

The judgment is reversed, the verdict set aside, and a new trial awarded the plaintiff.

*Reversed; set aside; new trial awarded.*