172 P.2d 818

## GEORGE H. SASSER & CO. v. CHUCK WAGON SYSTEM, Inc.

### No. 4923.

Supreme Court of New Mexico.

Sept. 20, 1946.

Jas. J. McNamara and Wesley Quinn, both of Clovis, for appellant.

Otto Smith, of Clovis, for appellee.

HUDSPETH, Justice.

Defendant appeals from a decree foreclosing liens on personal property referred to in the briefs as the sandwich shop. Attached to the plaintiff's complaint as Exhibit "A" is a purchase contract signed: The Chuck Wagon System, Inc., by H. M. Hanchey, Vice President (First Party), and George H. Sasser & Co., by G. H. Sasser, and H. M. Hanchey (Second Parties), in which the personal property is listed and also certain debts assumed by defendant, the amount of which is not in dispute. Plaintiff and Hanchey "warrant and covenant that they have legal title and possession * * * lawful right to dispose of" the personal property involved in this suit.

Paragraph III of the complaint reads as follows: "That the business sold by second parties to first party, together with all equipment described in Exhibit A, is located on Lot 12, Block 7, Original Town of Clovis, New Mexico, owned by plaintiff; that upon the execution of said contract, the defendant went into possession thereof; that defendant has now abandoned said property and the business for which the property was purchased; that the above described indebtedness to the American Business Credit Corporation and to the Home Lumber & Supply Co., were secured by indebtedness and liens on which plaintiff was primarily liable, and the payment of which was assumed by defendant; and that on account of the failure of the defendant to pay the said indebtedness as agreed, the plaintiff has been forced to pay part of said amounts, and to assume payment of the remainder. That H. M. Hanchey has assigned all of his right, title and interest in and to all matters and things involved in this suit to plaintiff, who has assumed all obligations of the said H. M. Hanchey; and that on account of the various matters and facts herein stated, plaintiff is subrogated to the rights of the lienholders, American Business Credit Corporation and Home Lumber Co., and is entitled to take possession of all of said property described in Exhibit A, and to a foreclosure of the lien to the American Business Credit Corporation."

Upon the filing of the verified complaint, the Court issued an ex parte order under

which plaintiff took possession of the property about a month after the alleged abandonment.

Defendant answered, admitted the execution of the purchase contract and the assumption of the indebtedness, but denied that it had abandoned the property and "denies that plaintiff is subrogated to any rights of the American Business Credit Corporation or the Home Lumber Company" and denied that plaintiff was entitled to possession of the property.

At the trial plaintiff introduced in evidence the purchase contract and George H. Sasser testified that plaintiff owned the lot on which the sandwich shop was located; that plaintiff had paid some of the indebtedness assumed by defendant, and had assumed the balance.

At the close of plaintiff's case the following occurred:

"The Court: What is your defense, Mr. McNamara?

"Mr. McNamara: The defendant will demur to the testimony and also to the complaint, for the reason that no cause of action is set out, and demurs to the evidence for the reason that no cause of action has been proved by the testimony. This is apparently a suit to foreclose certain liens and the testimony fails to show that there was any lien in favor of the American Credit Corporation, or whatever the name of the company is. There was no mortgage of any kind introduced and could not be, for the reason that if there was a mortgage or a lien in existence, it was not attached to or made a part of the complaint, as required by law. There is the same situation relative to the alleged lien of the Home Lumber and Supply Company, and the defendant further contends that the testimony shows no landlord's lien.

"The Court: The demurrer will be overruled. Do you have some proof to submit?

"Mr. McNamara: No, sir; we will stand on our demurrer. Let the record show an exception to the ruling of the Court."

Nearly two years after the trial, and after the defendant had submitted requested findings of fact and conclusions of law, plaintiff, with the permission of the court, amended the complaint by attaching as an exhibit a conditional sales contract signed by the Valentine System, by A. H. Valentine, "Vendor," and H. M. Hanchey and G. H. Sasser, "Vendee," which had been assigned to American Business Credit Corporation. It provides that the title shall remain in the vendor and upon an attempt of vendee to sell or transfer possession or ownership of said property the full purchase price shall immediately become due and payable, and vendor, or its agents, may take possession (payments theretofore made to be forfeited as liquidated dam-

ages), or may proceed against vendee to collect the balance due. The document does not bear a filing mark of the County Clerk and was not introduced in evidence.

Immediately after the filing of the amended complaint, requested findings of fact and conclusions of law were filed by plaintiff, and amended requested findings and conclusions were filed by the defendant. Two days later the court made its decision finding that defendant had abandoned the property and left it on plaintiff's premises, defaulted in the payment of rent and the indebtedness to the American Business Credit Corporation, the Home Lumber and Supply Company, and other creditors, and further: "8. That in order to protect itself, plaintiff took possession of said premises under an order of this Court and remains in possession thereof; that no tender of the indebtedness assumed by defendant and unpaid at the time of its abandonment of the sandwich shop has been made and no attempt by defendant or any of its agents or employees has been made to take possession of said sandwich shop or to operate the same."

And the Court concluded: "1. That defendant (plaintiff) is subrogated to the rights of the American Business Credit Corporation under its conditional sales contract and to the rights of the Home Lumber and Supply Company under its build-er's lien and by virtue thereof is entitled to possession of the sandwich shop, fixtures and equipment involved in this case."

The defendant duly excepted to the findings and conclusions of the Court, after which decree foreclosing the liens was entered. This appeal followed.

■ While there is testimony to the effect that the defendant corporation was organized to take over the business, the partnership agreed to pay all of its debts not listed in the purchase contract; hence, this is not a case where the corporation is liable for all the debts of a predecessor. Pankey v. Hot Springs National Bank, 46 N.M. 10, 119 P.2d 636; Annotation, 149 A.L.R. 787, 797.

■ But plaintiff argues that the demurrer to the evidence and complaint set out above should be taken as an admission of the allegations of the complaint as amended by the addition of the conditional sales contract, and that the defendant corporation is chargeable with knowledge of all the facts with reference to the liens connected with the indebtedness, which it assumed because H. M. Hanchey, its vice president, who executed the purchase contract for it was one of the vendees in the conditional sales contract and a partner familiar with liens on the partnership property sold to defendant.

We are not impressed with these arguments. The purchase contract sets out

that plaintiff and Hanchey "are the sole owners of the sandwich shop, warrant the title thereto," etc. It is not probable that Hanchey informed the other officers of the defendant corporation that these statements were false.

Further evidence that defendant was not informed as to liens on the property is furnished by the purchase contract which states that: "Second Parties have today furnished First Party with a schedule of payments showing dates and amounts due firms or individuals on indebtednesses set forth above * * *" referring to the debts assumed by defendant. The schedule is not in the record.

The rule as stated in 19 C.J.S., Corporations, § 1084, page 621, is as follows: "Notice to an officer or agent is not regarded as notice to the corporation where the circumstances are such as to raise a clear presumption that he will not communicate his knowledge to the corporation, that is, where the fact is one which he is interested in concealing from it; and, accordingly, the corporation will not be charged with notice of facts of which an officer or agent acquires knowledge while acting in a transaction in which he is interested, either for himself or for another, adversely to the corporation, or in a scheme in which he is engaged to defraud the corporation. Thus, where an officer or agent of a corporation deals with the corporation for himself in his private capacity, any uncommunicated knowledge which he may have with respect to the transaction will not be imputed to the latter by reason of his possession of it; and, therefore, to charge the corporation with a knowledge of such facts it must be shown that they were known by disinterested officers of the corporation." 1 Restatement Agency, § 279; Shear Co. v. Wilson et al., Tex.Com. App., 292 S.W. 531; Ohio Millers' Mut. Ins. Co. v. Artesia State Bank, 5 Cir., 39 F.2d 400; Warren v. Lincoln et al., 58 S.D. 196, 235 N.W. 597; Swenson et al. v. G. O. Miller Telephone Co., 200 Minn. 354, 274 N.W. 222; McFerson v. Bristol, 73 Colo. 214, 214 P. 395; Western Securities Co. v. Silver King Consol. Mining Co. of Utah et al., 57 Utah 88, 192 P. 664; Lawhead v. Stewart et al., 122 W. Va. 80, 7 S.E.2d 350; Arnett v. Stephens, 199 Ky. 730, 733, 251 S.W. 947.

Plaintiff abandoned in this court the claim of landlord's lien. George H. Sasser, plaintiff's only witness, testified that he was paying the American Business Credit Co. at the rate of $50 per month, and further:

" 'Q. The account of the Home Lumber and Supply Company. Have you paid it out? A. I have not paid all of it.

" 'Q. Have you assumed its payment? A. Yes, sir.

" 'Q. I believe it was necessary to pay that in order to keep a lien from being foreclosed. Is that right? A. Yes, that's right.' "

Plaintiff owned the lot on which the sandwich shop was situated. There is no evidence in the record as to the nature of the lien referred to by the witness in favor of the Home Lumber and Supply Company. There is no substantial evidence in the record of liens in the plaintiff, and under the rule stated in Pankey v. Hot Springs National Bank, supra, plaintiff has not made a prima facie case.

We are constrained to hold that the court erred in giving plaintiff possession of the property, and in entering the decree. Mathieu v. Roberts, 31 N.M. 469, 247 P. 1066; Troy Laundry Machinery Co. v. Carbon City Laundry Co., 27 N.M. 117, 196 P. 745.

The rule is well established that it is necessary that the debts be paid in full before one can become subrogated to collateral, or remedies available to the creditor. American Surety Company v. Westinghouse E. Mfg. Co., 296 U.S. 133, 56 S.Ct. 9, 80 L.Ed. 105; Annotations: 9 A.L.R. 1596, 91 A.L.R. 855.

In Fidelity & Deposit Co. of Maryland v. Atherton, 47 N.M. 443, 144 P.2d 157, 161, we said: "No general rule can be laid down which will afford a test in every case in which subrogation is sought. The underlying principle is that the right flows from principles of justice and equity. Every case depends upon its particular facts, * * *."

We express no opinion as to the right of plaintiff to be subrogated if and when it pays in full the debts which defendant assumed and agreed to pay. All the facts are not before us.

The judgment of the trial court is reversed and the cause remanded with directions to grant a new trial and to permit the parties to amend their pleadings, if they are so advised. It is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and LUJAN, JJ., concur.