GAYLOR *v.* GAYLOR.

5-600                                      275 S. W. 2d 644

Opinion delivered February 21, 1955.

*Alonzo D. Camp,* for appellant.

*W. H. Gregory,* for appellee.

WARD, J. Appellants seek on this appeal to reverse the decree of the Chancellor which found that they were not pretermitted children under their father's will and that a deed to appellee was not void due to the fact that it was written by a person not authorized to practice law.

*Facts.* Harry M. Gaylor, father of appellants, was the owner of a home situated at 114 Booker Street, Little Rock, Arkansas, and of certain personal property. On February 6, 1948, he executed a will in which he gave $10.00 each to his two sons, the appellants, and to a step-child who is now Mrs. Muriel Hardke. The rest of his

property both real and personal he gave to his then wife, Roxie, with the provision that if she died before he did the stepchild should have a $2,000.00 insurance policy and the rest of the estate would go to appellants and Mrs. Hardke.

On April 9, 1951, [presumably after the death of his wife, Roxie], Harry M. Gaylor executed a codicil to the will mentioned above by which he gave the home and practically all of the personal property to appellants and Mrs. Hardke.

On the 16th day of October, 1951, Harry M. Gaylor was married to appellee, and on October 23, 1951, he executed a second codicil to his will by which he cancelled the bequest and the devise to appellants [without mentioning their names] and gave his home and practically all of his personal property to appellee.

On November 30, 1951, Harry M. Gaylor and his wife, appellee, executed a warranty deed to one Leon Holman for a consideration of $10.00 conveying the home mentioned above. On the same day Leon Holman for a consideration of $10.00 by warranty deed conveyed the same property heretofore mentioned to Harry M. Gaylor and Jessie G. Gaylor, his wife. These deeds were duly acknowledged and recorded.

*The complaint.* Appellants filed a petition in the Chancery Court as the only surviving children of Harry M. Gaylor, to recover the portion of their father's estate that they would have been entitled to if he had died intestate. *As to the will,* it was alleged (a) that the instrument dated October 23, 1951, was his last will and testament and that it was invalid [as to them] because neither of their names was mentioned therein, and (b) that the said instrument was induced by undue influence exerted by appellee. *As to the deeds,* it was alleged (a) they were void because a person not authorized to practice law prepared them, and (b) they were also induced by the undue influence of appellee.

The prayer was that the deeds above mentioned be cancelled, that appellants be given their share of the estate both real and personal, and that appellee be required to elect her dower.

It is undisputed that the will in question [including codicils] has not been filed for probate, although it was introduced in evidence.

From a decree of the Chancellor dismissing appellants' petition, comes this appeal.

*Points relied on* for a reversal are stated by appellants as follows: *One.* "The instrument dated October 23, 1951, pretermitting the two children" is "the last will and testament of Harry M. Gaylor, deceased." *Two.* "The two deeds conveying title to the home place" are "void for illegality."

*One.* (The Will.) The Chancellor was correct in dismissing appellants' complaint as to this part of the case because chancery courts have no jurisdiction to distribute a decedent's estate or to probate wills. Regardless of whether appellants' father left a valid will or not, the probate court was the proper forum in which to seek their share of his estate.

Article 7 § 34 [as changed by Amendment 24] of our Constitution gives the probate court "exclusive original jurisdiction in matters relative to the probate of wills [and] the estates of deceased persons . . ." The Probate Code provides for the probation of wills and defines the procedure by which they may be attacked in the probate courts. Ark. Stats., §§ 62-2001, *et seq.*

Even though the will had not been probated and no letters of administration had been issued by the probate court, still the Chancery Court here had no jurisdiction to distribute the deceased's estate among the different claimants.

In *Flash, Lewis & Co.* v. *Gresham,* 36 Ark. 529, where a similar situation obtained and where no probate proceedings had been instituted, the court, at page 531, said:

"The chancery court, under our constitution, cannot assume this jurisdiction. The original jurisdiction of the probate court is exclusive."

The above case has never been overruled, but has been approved many times. *Turner* v. *Rogers,* 49 Ark. 51, 4 S. W. 193; *Meredith* v. *Scallion,* 51 Ark. 361, 11 S. W. 516, 3 L. R. A. 812; *Phillips* v. *Phillips,* 143 Ark. 240, 220 S. W. 52.

*Two.* (The Deeds.) In the complaint appellants attack the deeds on two grounds, viz., (a) undue influence and (b) they were prepared by an employee of an Abstract Company who was not a licensed attorney. In our opinion appellants must fail on both grounds.

(a) It is necessary only to say we find no testimony sufficient to support a finding of undue influence that induced the execution of these deeds. We do not recount the testimony which might be construed to support such a finding because appellants appear to have abandoned that contention, and rely only on the ground next considered.

(b) To support the argument that the two deeds in question are void and should be cancelled because of "the illegal transaction which brought them [the deeds] into existence," appellants rely principally on § 1 of Act 135, 1941, appearing as Ark. Stats., § 25-211, which provides generally that no person other than one "duly licensed and admitted to practice law . . . shall do anything which constitutes the practice of law . . ." Giving appellants' testimony its strongest probative value, it may be admitted, for the purpose of this opinion, that the Abstract Company [or one of its officers or employees] did give the deceased advice as to the legal effect of the deeds in question and also wrote the deeds, and, further, that this amounted to the unauthorized practice of law as defined by our several statutes and by decisions of this court. This still would constitute no ground or reason for this court to declare the deeds void and of no effect. Moreover the above mentioned statute has been repealed.

We have two Acts of the Legislature [Act 182 of 1929 and Act 168 of 1935] which together define and regulate the practice of law by natural persons and by corporations, but none of them prescribes a penalty for unauthorized practice such as is invoked by appellants. The only penalties prescribed are against those engaged in the unlawful practice. By no stretch of the imagination could it be said here that the deceased, by innocently accepting the assistance of the Abstract Company, became so guilty by association that the deeds in question have no validity.

Affirmed.