# CHARLESTON.

FIRST NATIONAL BANK OF HANCOCK, MARYLAND v.
F. VERNON ALER. *et als.*

Submitted November 1, 1922. Decided November 14, 1922.

1. BANKS AND BANKING—*Notice of Fraudulent Act of Cashier Done in His Own Interest, Not Imputed to Bank, Though Transaction Was Collateral to Another in Which He Represented Bank.*

   Notice of an alleged fradulent act on the part of the cashier of a bank, done in his own interest and in which he does not represent the bank nor profess to do so, cannot be imputed to it, even though such transaction was collateral to, and contemporaneous with, another in which he did represent the bank and act for it. (p. 316).

2. SAME—*Director's Knowledge of Cashier's Fraudulent Act Done in His Own Interest of Such Nature as May Impose Personal Liability on Director in Bank's Favor Held Not Notice to Bank.*

   Nor is knowledge of such transaction on the part of a director

of the bank who participated therein, it being such in its nature as may work detriment to the bank and impose personal liability upon the director in its favor, notice to the bank (p. 316).

3.   ESTOPPEL—*Bank Could Recover Full Amount of Note Discounted by it as Against Indorser, Though Cashier and Director Perpetrated Fraud Upon Indorser Without Knowledge of Bank by Acceptance of Unconscionable Portion as Compensation for its Negotiation to Bank.*

If the cashier of a bank or he and one of its directors perpetrate a fraud upon an indorser of a note discounted by the bank, through their agency, by acceptance from the maker of the note of an unconscionable portion of the proceeds thereof, by way of compensation for its negotiation to the bank, without the knowledge of any other officer of the bank and of the indorser, defense to an action on the note, as to the amount paid as such compensation, cannot be sustained upon the theory that the bank, although innocent, must bear the loss, because it put the wrong doers in certain positions and conferred certain powers upon them, since the fraudulent act was not within their apparent authority and the bank derived no benefit from it.   (p. 317).

Error to Circuit Court, Berkeley County.

Action by the First National Bank of Hancock, Md., against F. Vernon Aler · and J. A. Butler.   Judgment for plaintiff, and the last-named defendant brings error.

*Affirmed.*

· *Walker, Kilmer & Byrer,* for plaintiff in error.
*H. H. Emmert,* for defendant in error.

POFFENBARGER, PRESIDENT:

The defense to this action by motion to recover the amounts due upon three negotiable notes, from the maker and an endorser, was limited to parts of the amounts claimed, and proceeded upon the theory of the perpetration of a fraud upon the endorser, by the cashier of the plaintiff bank, with its knowledge and assent.   The notes were for $2,500.00, $700.00 and $250.00 respectively.   Liability for $1,500.00 on account of the first, $650.00 on account of the second and

$225.00 on account of the third was admitted, and the action defended as to the residue of $1,075.00.

An offer was made, to prove that, on the purchase of the notes by the bank, the cashier had obtained from the maker, without the knowledge of the endorser, the return to him of $1,000.00, out of the proceeds of the $2,500.00 note, by way of commission, $500.00 of which was compensation for procuring the discount of that note and $500.00 for similar services thereafter to be rendered; and that $50.00 had been charged by him for negotiation of the $700.00 note and $25.00 for the $250.00 note. There had been several renewals of all of the notes, and the $700.00 one represented a consolidation of two $350.00 notes. The two smaller ones were endorsed by J. A. Butler and J. F. Fields, the latter of whom seems to have been a stockholder of the bank. On the $2,500.00 note, there was an additional endorser, W. R. Daniels, a director of the bank and father of the cashier. Daniels and Fields are not sued in this action. As the bank is located in Maryland, they may be non-residents and may have been omitted for that reason.

After the cashier had testified to the bank's title to the notes, he admitted, on cross-examination, the relationship between himself and W. R. Daniels and the official position held by W. R. Daniels, and also his procurement of the endorsements of the $2,500.00 note by his father and Fields. An effort was then made by questions propounded in different forms, to require him to state whether or not $1,000.00 of the proceeds of the $2,500.00 note had been handed back to him by the maker thereof, after it had been discounted by the bank. To all of these questions, objections were promptly interposed and the court sustained them. Expectation of affirmative answers to the questions was avowed by the defendants, and the witness offered to deny that he had received any of the money, but was not permitted to make such denial a part of the evidence in the case. Then the testimony of the maker of the notes was tendered to prove the charge made against the cashier, as to the $1,000.00, and knowledge of the transaction on the part of W. R. Daniels,

and the court excluded it. Exceptions were taken to all of these rulings and saved upon the record. The jury returned a verdict for $1,085.22, upon which the judgment complained of was entered.

There was no tendency in the rejected evidence to fix upon the bank any notice of the alleged fraud, otherwise than as being imputed to it, by reason of knowledge thereof, on the part of its cashier and one of its directors. Adverse interest on the part of the cashier, denying application of the rule making notice to an agent operate as notice to his principal, is qualifiedly admitted; but it is urged that W. R. Daniels was not so interested. It is hardly necessary to cite authority for refutation of this proposition. If he joined his son in such an enterprise as is charged against them, and it was fraudulent, he was a party to it, and it was calculated to work detriment to the bank as well as to Butler, his co-indorser. If this defense could be maintained the bank would lose its right against Butler, to the extent of $1,000.00. His conduct would be in part, the means of the loss of part of its security for the debt. He would be one of a set of conspirators by whom $2,500.00 of his principal's money would be obtained upon security good for only $1,500.00. By such conduct, he would have made himself liable for the $1,000.00. His adverse interest in the transaction is perfectly obvious. In such cases knowledge of the agent is not notice to the principal. *City Bank of Wheeling* v. *Bryan,* 72 W. Va. 29; *Bank* v. *Lowther-Kaufman Oil Co.,* 66 W. Va. 505.

The effort in argument to establish authority in the cashier, to make a collateral contract for his own benefit, as an incident of his effectuation of a loan, on behalf of the bank, upon his admission of authority to make small loans for the bank, without the express direction or assent of the board of directors, is manifestly futile. Such authority as he admits was authority to act for the bank, not for himself. His right to make corrupt deals in his personal interest, in the execution of powers conferred upon him, for transaction of the bank's business, cannot be engrafted upon such powers by mere

argument, and there is not a word of evidence to establish or sustain it. There was no effort to prove that any such collateral, corrupt and illegal transaction was ever brought to the attention of the bank, nor does the cashier admit, in any form, that the bank ever authorized him to engage in anything of the kind.

For the same reason, the legal proposition that, when one of two innocent persons must suffer by the wrongful act of a third, he who gave the power to do the wrong must bear the loss, has no application here. It applies only in those instances in which one clothed with apparent authority to act for another, but without actual authority to do so, has professed to act for him, and the injured party has dealt with him upon the faith of his apparent authority. There is nothing of that kind in this case. The cashier had no apparent authority to enter into the alleged $1,000.00 transaction, and nobody says he professed to act in it, for or on behalf of the bank.

Perceiving no error in the judgment complained of, we will affirm it.

*Affirmed.*