# CHARLESTON.

HAYES PICKLESIMER, *Receiver* v. JOHN S. HALL and
J. C. PAULEY

(No. 5774)

Submitted October 26, 1926.    Decided May 10, 1927.

BANKS AND BANKING—CORPORATIONS—*Knowledge of Sole Official Acting for and in Interest of Corporation is Imputed to it; Corporation Claiming Benefit of Act of Sole Official Acting for and in Its Interest Becomes Subject to Consequences of His Knowledge; Bank Held Chargeable With Knowledge of Fraud of Managing Officer in Execution of Note.*

The knowledge of a sole official acting for, and in the interest of, a corporation, is imputed to it. If it claims the benefit of his act, it becomes subject to the consequences of his knowledge.

(Banks and Banking. 7 C. J. § 134; Corporations, 14a C. J. § 2350.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mingo County.

Action by Hayes Picklesimer, receiver of the Day & Night Bank, against John S. Hall and another, by notice of motion for judgment on a note. Judgment for defendants, and plaintiff brings error.

*Affirmed.*

*Randolph Bias* and *Ira J. Partlow,* for plaintiff in error.
*W. H. D. Preece* and *G. R. C. Wiles,* for defendants in error.

LITZ, JUDGE:

This is an action by notice of motion for judgment by Hayes Picklesimer, as Receiver of the Day & Night Bank of Williamson, West Virginia, on a promissory note for $10,000.00, dated March 10, 1925, payable to the order of said Day & Night Bank sixty days from date, signed by the defendant John S. Hall, maker, and indorsed by the defendant J. C. Pauley.

Hall, at the time a stockholder and director of the bank, was induced to sign and deliver the note in blank to W. P. T. Varney, vice-president and managing officer of the corporation, upon the representations of Varney that the paper would be filled out and executed by other officers of the institution for the purpose of securing a loan in its favor to maintain proper legal reserve. This transaction occurred on Sunday, February 8, 1925, in the passenger station at Williamson, while Hall was waiting to board a train for Charleston, where he was serving as a member of the Legislature. Some days later Varney filled out the note by writing in the date, the amount and name of the payee. He then presented it to A. B. Scott, president of the bank, and a member of the loan board, composed of Scott, Varney and I. Steckler, with the request that Scott approve the note for discount. Scott refused to do so because the instrument was not indorsed. March 18th, Pauley, a resident of Kentucky, at his request, indorsed the note upon the representation of Varney that it would be used for the purpose of raising money to maintain the legal reserve of the bank. The same date, after securing Scott's approval of the note for discount on behalf of Hall, Varney placed it in the bank with a slip of paper reading: "Credit N B of C note $10,000.00." From this memorandum employes of the bank credited the amount of the note to the National Bank of Commerce of Williamson. The National Bank of Commerce, being indebted to the Day & Night Bank in the sum of $24,116.67, on March 9th, at the request of Varney, charged to the Day & Night Bank a note for $10,000.00, signed by K. L. Varney, maker, indorsed by W. P.

T. Varney and I. Steckler, and theretofore discounted by said W. P. T. Varney at the National Bank of Commerce.

March 28th the State banking commissioner closed the Day & Night Bank and, finding it insolvent, appointed Hayes Picklesimer receiver to wind up its affairs. The receiver took possession of the note in question, and instituted this action thereon, as an asset of the bank.

At the trial before a jury the court directed a verdict in favor of the defendants and entered judgment accordingly.

The plaintiff, prosecuting error, contends that the bank is a holder in due course, unaffected by the fraud of Varney whereby the defendants were induced to execute the note. The defendants maintain that the bank gave no consideration for the paper, and is charged with the knowledge of Varney's fraud. There was no proof before the jury that Varney claimed any interest in the note. He did not even indorse it as an evidence of title in himself.

If by placing the note in the bank with the accompanying memorandum, "Credit N B of C note $10,000", Varney intended to divert the instrument from the purpose for which it was approved for discount by Scott to the interest of the bank, he was the sole officer or agent representing the corporation in the transaction. The bank, through its president, Scott, was charged with notice that the note did not belong to Varney. Scott testified, in part, as follows:

"Q. Where did you think this note was going to be discounted when you approved it?
A. At the Day and Night Bank.
Q. Did you think the Day and Night Bank would discount a note payable to it?
A. They usually do.
Q. What do they do with the proceeds in that event?
A. Well, it goes to the maker of the note.
Q. Did John Hall get any part of the proceeds of this note?
A. I don't know he was supposed to have.
Q. You thought John Hall was getting this money when you okeyed it?
A. Absolutely."

Plaintiff relies upon *Bank* v. *Ritz*, 70 W. Va. 409, 74 S. E. 679; *Bank* v. *Oil & Coal Co.*, 66 W. Va. 505, 66 S. E. 713, and *Bank* v. *Bryan*, 72 W. Va. 29, 78 S. E. 400, holding that a bank discounting commercial paper for the benefit of one or more of its officers is not chargeable with notice of an infirmity in the instrument known to him. In each of the cases the bank gave a present, valuable consideration for the paper, and there was no proof that the facts affecting its validity were known to any other than the interested official or officials of the corporation. These two features clearly distinguish those cases from this one.

In *Knobley Mountain Orchard Company* v. *Peoples Bank of Keyser*, 99 W. Va. 438, where the bank claimed to be a holder in due course of checks drawn in its favor by its cashier as treasurer of the Orchard Company, to meet shortages in his account with the bank, it is held: ''The knowledge of a sole official acting for, and in the interest of, a corporation, is imputed to it. If it claims the benefit of his act, it becomes subject to the consequences of his knowledge.'' In an annotation to the case, 48 A. L. R. 464, it is stated: ''The doctrine of the reported case * * * that a bank whose officer fraudulently appropriates funds of a third person and uses them in settlement of his own overdrafts against the bank is liable to the party defrauded, is supported by the weight of authority.''

The judgment of the circuit court is

*Affirmed.*