# CHARLESTON.

HAYES PICKLESIMER, *Spec. Rec. v.* W. P. T. VARNEY *et als.*

## (No. 5853)

Submitted May 10, 1927.     Decided May 17, 1927.

BANKS AND BANKING—CORPORATIONS—*Corporation is Not Ordinarily Chargeable With Information of Officer Who Had Interest in Concealing it; Alleged Knowledge of Bank Official as to Fraud in Procuring Indorsement, Which it Was to His Interest to Conceal, Held Not Attributable to Bank Suing on Notes.*

A corporation is not ordinarily chargeable with the information of an officer, which it was to his interest to conceal from the corporation.

(Banks and Banking, 7 C. J. § 136; Corporations, 14a C. J. § 2358.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mingo County.

Notice of motion for judgment by Hayes Picklesimer, special receiver, against W. P. T. Varney and others. Judgment for plaintiff, and defendant William Hymore brings error.

*Affirmed.*

*W. H. D. Preece,* for plaintiff in error.

*Ira J. Partlow* and *Randolph Bias,* for defendant in error.

WOODS, JUDGE:

Notice of motion for judgment, whereby the special receiver of a defunct bank seeks to recover from defendant William Hymore the amount of a certain negotiable note bearing his indorsement. The defendant interposed a plea of *non est factum.* After both sides had presented their case, the court, on motion of the plaintiff and over objection of defendant, directed the jury to find for the plaintiff, and then entered judgment on the verdict. Defendant comes here on writ of error.

The defendant, on being required to specify the grounds of defense relied on under his plea of *non est factum,* filed a second plea setting up that W. P. T. Varney came into his place of business soliciting funds to aid a lady in destitute and necessitous circumstances; that he responded to the intreaty by donating fifty cents; that he also signed his name, at the instance of Varney, on a strip of paper, for the sole purpose of advising the lady of his act of philanthropy. On the trial he acknowledged the signature as his, but insisted that he did not know that a note was on the other side, and, further, that he saw no printing or other signature in the space above where he placed his signature. He stated that while he could neither read nor write English—except to write his name—that he was familiar with notes and that he would recognize a note on sight. Accepting his story as true, by his admitted negligence in signing his name on the piece of paper, which had the usual form of a note, without making certain that it was not in fact such, he has caused a third party to discount the same on the strength of his signature, and is thereby estopped from setting up the fraud claimed to have been perpetrated upon him, as against a holder for value without notice. This leaves but one question for consideration: Is the bank a holder in due course?

Defendant relies on the testimony of the plaintiff's witnesses to show that the bank had notice of the infirmity of the paper. He contends that Varney's official connection with the bank imputes notice to it. While our court has frequently recognized and applied the principle that a corporation is not ordinarily chargeable with the information of an officer, which it was to his interest to conceal from the corporation (*Bank* v. *Aler,* 92 W. Va. 313; *Bank* v. *Bryan,* 72 W. Va. 29; *Bank* v. *Oil Co.,* 66 W. Va. 505), it has recognized an exception in certain cases wherein the principal acts through a single official (*Orchard Company* v. *Bank of Keyser,* 99 W. Va. 438; *Picklesimer, etc.* v. *Hall,* 103 W. Va. 647). This exception is based on the theory that, since the corporation claims the benefit of the agent's act, it thereby subjects itself to the consequences of his knowledge.

The evidence shows that Varney, vice-president, director, and member of the discount committee, presented the note—payable to a third party, signed by himself as maker, and indorsed by said third party and the defendant—to the other two members of the bank's discount committee for their o. k.'s prior to having the same discounted. It was o. k.'d on the strength of the defendant's indorsement, and handled as the paper of any other individual. This note and another of like amount, totalling $2,500.00, were duly discounted and substituted on the books of the bank for a $2,500.00 note previously discounted by it, on which Varney was also the maker. The evidence is to the effect that the indorser on said $2,500.00 note was solvent, thus showing the latter notes to have been taken for value. The situation here differs materially from that presented in the case of *Picklesimer* v. *Hall*, supra. There Varney had placed a note in the business of the bank without any authority for the purpose of covering certain fraudulent credits or transactions theretofore made by him. No consideration was shown. The bank, having ratified Varney's fraudulent acts for the purpose of the suit, automatically subjected itself to the consequences of his knowledge. *Orchard Company* v. *Bank of Keyser, supra.* The fact that Varney, in the instant case, made the substitution of the paper does not bring the bank within the holding of the two last mentioned cases. The bank, through its discount committee, had properly approved the paper for discount, which was then taken by it for value. The same disposition of the note in question would have been made had the matter been left entirely in the hands of the cashier or other employee of the bank. So, under the general rule heretofore announced, we must conclude that there was sufficient evidence to the effect that the bank was a holder in due course. There being no conflict in the evidence on this point, the lower court's action in directing a verdict was proper, and the judgment entered thereon will be affirmed.

*Affirmed.*