# CHARLESTON.

STATE *v.* SYLVESTER MCNEMAR, ALIAS SYLVESTER MCNUNIS

(No. 5407)

Submitted November 20, 1929. Decided November 26, 1929.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

*A. Blake Billingslee* and *J. V. Blair, Jr.,* for defendant.

MAXWELL, JUDGE:

The defendant, Sylvester McNemar, alias Sylvester McNunis, was indicted in the criminal court of Marion county

at the January Term, 1924, for unlawfully and feloniously owning, operating, maintaining, possessing and having an interest in a "moonshine still". He was tried at the September Term, 1924, of said court and found guilty as charged in the indictment. He was sentenced to serve two years in the penitentiary and to pay a fine of three hundred dollars. This is a writ of error to the judgment of the circuit court of said county affirming the trial court's judgment as plainly right.

The facts are briefly as follows: On February 12, 1924, a search and seizure warrant was issued by a justice of the peace of Marion county for search of the premises known as House No. 14 at Morgan mines, which was leased to defendant and in which he and his family lived. Deputy Sheriff Charles Bartholow, and six other officers, undertook to execute said warrant, and in pursuance thereof on February 13th went to the aforesaid premises and found a cave or dugout under the house which was entered through a trapdoor concealed by a bail of hay. In this cave was a complete still set up ready for use, and two barrels of rye mash. The defendant himself was not present, nor did a search of several of the houses in the neighborhood disclose his presence. His wife and children were the only people in the house. The defendant was indicted and a capias was issued for his arrest, and on several occasions the house was again searched in an effort to apprehend him, but he was not found and arrested until sometime in August thereafter. This, in substance, is the state's evidence.

For the defense, numerous witnesses, mostly neighbors or relatives of the defendant, were introduced who testified that several days previous to the search the defendant had had a quarrel with his wife and had left home. The defendant himself testified that he left February 8, 1924, and on the night the search was made he was in Lowesville, and that he did not return to the Morgan mine until May 9th following.

Defendant relies upon two propositions for reversal of the trial court. First, that his motion to exclude all the evidence of the state and direct a verdict for the defendant should have been sustained because the evidence was not sufficient to

sustain a conviction, and that parts of it were highly prejudicial; and second, that his motion to set aside the verdict and award a new trial should have been sustained.

As to the entire testimony and the sufficiency thereof, we feel that it was properly a question for jury determination whether the apparatus found in the cave beneath defendant's house was in fact the defendant's. It was proved beyond peradventure that the defendant had leased the house and lived there with his family. The presumption arising therefrom was that the articles in the house were his exclusive property. It was for the jury to say whether the evidence regarding the defendant's absence from his home for a few days prior to the search and at the time thereof was sufficient to rebut the presumption. *State* v. *Zink*, 102 W. Va. 619. Their finding was warranted by the evidence, and we cannot say they were wrong.

Let us examine the particular parts of the testimony relied on by the defendant as prejudicial. In the testimony of Officer Bartholow, the following questions and answers appear: ''Q. Have you had a capias for him, process of any sort for him, any time since this search? A. Yes, sir. MR. BLAIR: We object to that. The man is here. I don't think that would be material. THE COURT: Of course, it would be competent to show if he actually was trying to evade. The mere fact that the officer had a capias wouldn't necessarily show that he was trying to evade arrest. The objection may be overruled for the present. MR. MASON: I expect to follow it up. (The defendant, by counsel, excepts to the ruling of the Court in overruling said objection.) Q. Do you recall, Mr. Bartholow, how long you have had a capias for him? A. The Sheriff has had a capias for him— (Objected to. Sustained.) Q. What efforts, if any, have been made to apprehend him under this capias which you state has been in the Sheriff's office? (Objected to. Overruled. Exception for the defendant.) A. Well, we were called to the house once afterwards by his wife, that he had come in and abused her and robbed her of forty dollars; made two or three trips; hadn't been able to get him. (Motion to exclude.) THE COURT:

That portion of the statement of the witness with reference to any other offense or charge may be stricken out and not considered by the jury.''

From this verbatim excerpt from the record it may be seen that the court guarded the defendant's rights and instructed the jury in accordance therewith. That portion of Bartholow's answer which deals with the report that defendant had come home and abused his wife and robbed her of forty dollars was volunteered by the witness in answer to the state's inquiry as to what efforts had been made to apprehend defendant after the issuance of the capias. It was not responsive to the question. The objectionable part of the answer did not come into the trial through any fault of either the court or the prosecuting attorney. It involved merely an excess of statement by the witness; he told more than the question indicated he should tell. In all probability he did not know he was overstepping the bounds of propriety. On motion of defense counsel the court promptly instructed the jury to disregard the improper portion of the answer. It must be assumed that the jury was intelligent enough and honest enough to be governed by the court's action. Occurrences of this sort are not infrequent in jury trials. To reverse because thereof in the ordinary case would mean to inject into the trial of cases a hazard that cannot always be guarded against despite the care and precaution of both the court and counsel.

State's witness, E. L. Hawkins, was questioned and gave answers, over the objection of the defendant, as follows: ''Q. Do you know what efforts, if any, have been made to apprehend this man between February and the latter part of August or first of September? (Objected to. Overruled. Exception for the defendant.) A. Yes, sir. Right after the indictment was found, a capias was issued and we made, on several occasions down there, we went and searched the premises, tried to locate him. I made efforts myself in Monongalia county. We had a call or two there; one call that he had murdered his wife and we hurried down there that night and searched the hills for him, the Sheriff, Prosecuting At-

torney and deputies and some of the City Police we took along down there. (Motion to exclude.) THE COURT: The Court instructs the jury that the fact that a man may be, by rumor of some sort, charged with the murder of his wife or anybody else, is not evidence of the commission of the offense charged here and will not be considered as evidence against this man on that trial, and will be excluded for that purpose." Observations already made in this opinion as to the objectionable answer of the witness Bartholow apply here.

Exception is taken to the action of the court in permitting a payroll clerk of the coal company owning the house, where the search was made, to testify that at the time of the search the house was rented to the defendant. We perceive no error here. The witness did not attempt to say that the defendant was present at the time the search of his premises was made, but was merely testifying from the books of which he had custody that the house was rented to the defendant at the time of the search.

Defendant's witness, Lucy Cozak, was asked on cross-examination whether her sons and husband were not all in the liquor business, and whether her house had not been searched any number of times. These questions propounded to the witness went to her credibility rather than to the prejudice of the defendant. They were personal to the witness and as such do not constitute reversible error. See *State* v. *Justice*, 107 W. Va. 490, 148 S. E. 843.

Defendant raises another point in his brief which he failed to save by exception. In the cross-examination of Officer Bartholow, this testimony appears: "You just had one warrant? A. Yes, sir. THE COURT: You mean the return was dated the 13th day of February? THE WITNESS: Yes, sir. THE COURT: Was that the same day the search was made or was it the day before? THE WITNESS: It was the day before." Defendant would make it appear that the officer meant that the return was made on the search warrant the day before the actual search was made. It appears to us that there is involved here merely a misapprehension by the witness of the purport of the court's question. However, we

are not called upon to decide this point. So far as the record discloses, the matter was not called to the trial court's attention as a ground of the motion to set aside the verdict, or of a motion·in arrest of judgment, or otherwise. Nor was it incorporated in a separate bill of exceptions. *State* v. *Male*, 103 W. Va. 355.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*