J. HOWARD KELLEY, *Receiver, etc.,* LLOYD LITTRELL, *Successor, etc.* v. SAVARIA COAL COMPANY *et al., Inc.*

(No. 6805)

Submitted February 17, 1931.   Decided February 24, 1931.

*J. E. Law,* for plaintiff in error.
*Chas. C. Scott,* and *A. F. McCue,* for defendants in error.

LITZ, PRESIDENT:

This writ of error is prosecuted by the plaintiff, Lloyd Littrell, as receiver of First National Bank of Webster, Webster, Pennsylvania, to the judgment upon a verdict in favor of the defendant, J. L. Horner, Inc., a corporation.

The action was brought upon a trade acceptance drawn by the defendant, Savaria Coal Company, a corporation, upon J. L. Horner, Inc., dated April 6, 1927, payable to the order of the coal company at Citizens Title & Trust Company,

Uniontown, Pennsylvania, sixty days after date, and (as plaintiff alleges) discounted by it April 9, 1927. A default judgment was taken against the coal company. The Horner Corporation plead the general issue and also filed two special pleas, charging that its acceptance of the instrument had been induced by misrepresentations of Alexander Ronay, agent of the coal company, which were known to Guy Brown, an officer and agent of the coal company and the bank, "at the time the bank discounted" the paper; and that said acceptance resulted from a collusion between the officers and agents of the coal company and the bank "for the purpose of covering shortage and defalcations in said bank" by its officers, directors and agents and "for the purpose of replacing worthless securities with securities of solvent individuals, firms and corporations."

Plaintiff assigns error to the rulings of the trial court in permitting the special pleas to be filed; in admitting certain evidence on behalf of the Horner corporation; and in overruling the motion of plaintiff for a new trial.

No reason is advanced for sustaining the first point of error.

. Objections to the admission of evidence having been neither incorporated in special bills of exceptions nor specified as grounds for a new trial are deemed to have been waived and cannot now be considered. "Alleged errors in the admission or rejection of evidence are waived if not made the ground of a motion to set aside the verdict, or incorporated in special bill or bills of exception showing the evidence and the ruling of the court thereon." *State* v. *McNemar*, 108 W. Va. 237; *State* v. *Male*, 103 W. Va. 355.

Under the third point of error, the plaintiff contends (1) that the evidence is insufficient to establish the fraud charged, and (2) that the knowledge of Brown is not imputable to the bank. The evidence for the Horner corporation tends to show that its acceptance of the instrument was obtained as a result of representations by Ronay and Brown to its president, J. L. Horner, that the Commercial Fuel Company of Pittsburgh owed the coal company five of six thousand dollars for coal already shipped and due in sixty days which

would be applied to the payment of the trade acceptance; that about the last of June, 1927, Brown admitted to Horner that the representations were untrue, claimed that the trade acceptance had not been discounted and promised to return it immediately. Ronay and Brown, as witnesses for the plaintiff, denied the alleged misrepresentations. It appears that the Horner corporation, a coal selling agency, for several years previous to the issuance of the trade acceptance, had been purchasing most of the coal produced from the coal company's mines and paying therefor generally in advance by checks or trade acceptances; that on the sixth day of April, 1927, the coal company owed the Horner corporation about $8,800.00, including the said $5,000.00 trade acceptance; and that the coal company thereafter shipped to the Horner corporation during the months of April and May, of that year, coal of the value of $14,498.00. From the foregoing, it is argued by plaintiff that the Horner corporation could have saved itself by charging the $5,000.00 trade acceptance to the purchase price of these shipments of coal. The answer to this is that the fraud was not discovered in time. Elmer E. Smith, cashier of the bank at the time of the alleged transfer of the trade acceptance, testified, as a witness for the plaintiff, that he, as agent for the bank, discounted the instrument April 9, 1927, upon the request of Brown, who was stockholder, director and member of the discount board of the bank, and whose approval of paper presented for discount was accepted in the absence of the discount board; that he delivered to Brown a cashier's check for $5,000.00 on the Farmers Deposit National Bank of Pittsburgh, payable to the coal company in exchange for the trade acceptance and its check for $75.00 covering the discount. The plaintiff also presented the books of the bank showing a record of the transaction in accordance with the testimony of Smith, but did not produce the alleged cashier's check, nor show that it had been lost. The trial court, in overruling the motion for a new trial, was of opinion that the evidence warranted the finding of the fraud charged; and that, under decisions in *Knobley Mountain Orchard Company* v. *Peoples Bank*, 99 W. Va. 438, and *Picklesimer*

v. *Hall,* 103 W. Va. 646, such fraud was imputable to the bank through the knowledge of its agent, Brown. Those cases hold that the knowledge of a sole official acting for, and in the interest of, the corporation is imputed to it; and that if it claims the benefit of his act, it becomes subject to the consequences of his knowledge. In each case the dishonest official of the bank was the sole agent representing it in the transaction under investigation. We have here not only the dishonest official, but another agent, acting for the bank. The bank had previously discounted similar trade acceptances which were promptly paid. But it is not necessary in sustaining the judgment, to decide whether the bank is chargeable with the guilty knowledge of Brown. The instrument having been obtained by fraud, the burden was upon the bank to show that it was a holder in due course, and in attempting to do so, it has failed to produce the best evidence (the alleged $5,000.00 check) or prove its loss. The jury were entitled to consider also the alleged admission of Brown that the trade acceptance had not been discounted. "Under our negotiable instrument law, where it is shown that the paper sued on was originally procured by fraud, the burden is on the holder suing thereon to show that he purchased it in good faith, for value before maturity, without notice of any infirmity." *Finance Corporation* v. *Peoples Bank of Keyser,* 99 W. Va. 230.

The judgment of the circuit court is affirmed.

*Affirmed.*